Filed 8/23/22 P. v. Franklin CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TYRIS LAMAR FRANKLIN,<br><br>    Defendant and Appellant. | A161194<br><br>(Contra Costa County<br>Super. Ct. No. 51103019) |

A jury found Tyris Lamar Franklin guilty of first-degree murder and found true a firearm enhancement. At resentencing, the trial court struck the firearm enhancement pursuant to Penal Code[1] section 12022.53, subdivision (h), and resentenced Franklin to one term of 25 years to life and ordered him to pay a probation report fee.

On appeal, Franklin contends we should order the trial court to vacate the fee. He also argues the trial court erred by failing to credit him with all time served prior to resentencing. We agree on both counts, and shall remand to the trial court to modify the judgment accordingly.

## BACKGROUND

In 2011, Franklin was charged with first-degree murder (Penal Code § 187), with an enhancement for personal use of a firearm (§ 12022.53, subds.

---

[1] All statutory references are to the Penal Code, unless otherwise indicated.

1

(b)–(d).)  Franklin was a minor at the time.  A jury found him guilty of the charge and found true the firearm enhancement.  The trial court sentenced him to 25 years to life for the murder and a consecutive 25-to-life term on the enhancement, for a total of 50 years to life in state prison.

In September 2018, the parties stipulated to holding a hearing pursuant to Proposition 57,[2] which entitled minors to a hearing before a juvenile court to determine whether it was appropriate for the minor to be charged in adult criminal court.  (Welf. & Inst. Code, § 707, subd. (a)(1); *People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 305.)

After the Proposition 57 hearing, the juvenile court transferred Franklin's case back to adult court, at which time the trial court set a resentencing hearing due to a recent amendment to section 12022.53 that provided trial courts the discretion to strike firearm enhancements imposed under that section.[3]  (See § 12022.53, subd. (h).)

In October 2020, at the resentencing hearing, the trial court exercised its new discretion to strike the firearm enhancement, and it resentenced Franklin to a term of 25 years to life.

This appeal followed.

---

[2] Proposition 57 took effect while Franklin's prior appeal in this matter was pending.  In that appeal, we affirmed the original judgment.  (*People v. Franklin* (2014) 224 Cal.App.4th 296, 379, review granted and superseded by *People v. Franklin* (2014) 63 Cal.4th 261.)  The Supreme Court also affirmed, but it remanded the case so that the trial court could hold a hearing to determine whether Franklin was afforded an adequate opportunity to make a record of information relevant to his youth offender parole hearing, as required by section 3051.  (*People v. Franklin* (2016) 63 Cal.4th 261, 286–297.)  The hearing was held the same day Franklin was resentenced.

[3] When the trial court first sentenced Franklin, section 12022.53 prohibited the court from striking any firearm enhancement required to be imposed under that section.  (Former § 12022.53, subd. (h).)

# DISCUSSION

## A. Assembly Bill No. 1869

The amended abstract of judgment filed after the resentencing hearing ordered Franklin to pay a probation report fee of $176 pursuant to section 1203.1b. Franklin contends this fee should be stricken under Assembly Bill No. 1869 (2019–2020 Reg. Sess.) and any unpaid debt eliminated. The Attorney General agrees, as do we.

Assembly Bill No. 1869 ensured that after July 1, 2021, any unpaid portion of fees imposed under section 1203.1b became "unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." (§ 1465.9, subd. (a); see *People v. Clark* (2021) 67 Cal.App.5th 248, 259–260 [vacating probation supervision fee under Assembly Bill No. 1869]; *People v. Lopez-Vinck* (2021) 68 Cal.App.5th 945, 950, 953 [same for criminal justice administration fee].) The amendment applies to defendants serving both final and nonfinal sentences. (*Ibid.*)

Accordingly, any balance still owing of the $176 probation report fee imposed pursuant to section 1203.1b is now "unenforceable and uncollectible" and the portion of the judgment imposing this fee must be vacated. (§ 1465.9, subd. (a).)

## B. Incorrect Credit Award

Franklin next contends the trial court erred by failing to calculate his actual presentence[4] and postsentence custody credits before his resentencing

---

[4] Under section 1237.1, a defendant cannot appeal from a judgment of conviction based on an error in the calculation of presentence custody credits without first making a motion for correction of the record in the trial court. (§ 1237.1.) However, that section does not require the defendant file a motion for correction to raise the issue on appeal where other issues are litigated on appeal. (*People v. Acosta* (1996) 48 Cal.App.4th 411, 427.) The Attorney General agrees that because this appeal concerns other issues, section 1237.1

hearing. The Attorney General agrees the trial court should have awarded Franklin credit for all time he served in custody prior to his resentencing. The Attorney General's concession is well taken.

"When . . . an appellate remand results in modification of a felony sentence during the term of imprisonment, the trial court must calculate *actual time* the defendant has already served and credit that time against the 'subsequent sentence.' " (*People v. Buckhalter* (2001) 26 Cal.4th 20, 23 [italics in original]; see also § 2900.1 [when a sentence is modified while being served, the time already served "shall be credited upon any subsequent sentence [the defendant] may receive upon a new commitment for the same criminal act or acts"].) Thus, when the trial court modifies a defendant's sentence on remand after an appeal, it must credit the defendant "with all *actual* days he had spent in custody, whether in jail or prison, up to that time." (*People v. Buckhalter, supra*, at p. 37 [italics in original].)

Here, the abstract of judgment after resentencing does not include any custody credits, and there is no indication in the record that the trial court calculated Franklin's custody credits prior to resentencing him. Franklin should be credited for all the time that he has been in custody, including time served after his original sentencing. We therefore direct the trial court to calculate all actual custody credits earned by Franklin up to the date of his resentencing, and to amend the abstract of judgment to reflect those credits.

## DISPOSITION

The matter is remanded to the trial court with directions to vacate the $176 probation report fee and to modify Franklin's abstract of judgment to reflect the custody credits he earned prior to his resentencing. The court

---

does not preclude us from also addressing Franklin's presentence custody credits.

4

shall forward a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

_____

Petrou, J.

WE CONCUR:

_____

Fujisaki, Acting P.J.

_____

Rodríguez, J.

_A161194/People v. Franklin_

6